# Matter of I-S-M-, Respondent

*Decided June 4, 2026*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Immigration Judge properly found the respondent not credible, and ultimately ineligible for asylum, withholding of removal, and protection under the Convention Against Torture, due to various inconsistencies related to the respondent's identity.

FOR THE RESPONDENT:  Pro se

BEFORE:  Board Panel:  OWEN and GALLOW, Appellate Immigration Judges; WANG, Temporary Appellate Immigration Judge.

OWEN, Appellate Immigration Judge:

The respondent appeals from the Immigration Judge's April 15, 2025, decision denying his applications for asylum and withholding of removal under sections 208(b)(1)(A) and 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A) (2024), and the application for protection under the regulations implementing the Convention Against Torture ("CAT").[2]  The Department of Homeland Security ("DHS") has not responded to the appeal.[3]  The appeal will be dismissed.

We affirm the Immigration Judge's denial of asylum based on the finding that the respondent's claim was not credible.  *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (per curiam) (concluding

---

[1]  Pursuant to Order No. 7079-2026, dated July 29, 2026, the Acting Attorney General designated the Board's decision in *Matter of I-S-M-* (BIA June 4, 2026), as precedent in all proceedings involving the same issue or issues.  *See* 8 C.F.R. § 1003.1(g)(3) (2026). Editorial changes have been made consistent with the designation of the case as a precedent.

[2]  The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994).  8 C.F.R. §§ 1208.16(c), 1208.17 (2026); 8 C.F.R. § 1208.18(a) (2020).

[3]  On January 28, 2026, attorney Benjamin Dunlap Cornell filed a motion to withdraw as counsel for the respondent.  The motion to withdraw as counsel is granted.

inconsistencies and other factors supported an adverse credibility finding). The Immigration Judge's adverse credibility finding is supported by significant inconsistencies within the respondent's account and is not clearly erroneous. *See Manes v. Sessions*, 875 F.3d 1261, 1263–65 (9th Cir. 2017) (per curiam) (finding that inconsistencies and adverse demeanor findings constituted substantial evidence for an adverse credibility finding); 8 C.F.R. § 1003.1(d)(3)(i) (2026). Under the REAL ID Act, an adverse credibility finding must be based on consideration of the totality of the circumstances and all relevant factors, including the responsiveness of the respondent, the inherent plausibility of the respondent's account, the consistency between the respondent's written and oral statements, and the internal consistency of each such statement, without regard to whether an inconsistency goes to the heart of the respondent's claim. Section 208(b)(1)(B)(iii) of the INA, 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I&N Dec. 260, 263–65 (BIA 2007) (holding the Immigration Judge properly considered totality of circumstances in finding that respondent lacked credibility based on his demeanor, implausible testimony, lack of corroboration, and inconsistent statements).

The Immigration Judge concluded that the respondent did not establish his identity. The issue of identity is threshold to any asylum claim. *See Matter of O-D-*, 21 I&N Dec. 1079, 1081 (BIA 1998) (noting an asylum applicant has the burden of establishing identity, nationality, and citizenship); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (describing identity as a key element of the asylum application). The Immigration Judge determined that the respondent did not present credible or reliable evidence of his identity. A review of the record indicates that the Immigration Judge's decision reflects that he considered all evidence submitted in that regard. We agree that insufficient credible evidence was provided to establish the respondent's identity. We have held identity is "perhaps the most critical of elements" of an asylum claim, and the respondent's failure to establish this element was fatal. *Matter of O-D-*, 21 I&N Dec. at 1082.

Specifically, the Immigration Judge considered that the respondent initially testified that his name was "Ibrahim Seerar Mah" and that he had never used any other names. However, the respondent later stated that he had used at least two other names. In addition, the respondent testified that he had claimed multiple countries of citizenship, including Somalia, Kenya, and Finland. The Immigration Judge also pointed out issues with the Kenyan passport the respondent had used. As noted by the Immigration Judge, the passport was legitimately issued by the Kenyan government; however, the passport contained false information as it used a fake name, and the

respondent is not Kenyan. The Immigration Judge also noted significant inconsistencies as to when the respondent received the Kenyan passport and when he used it. In addition, the respondent testified that he is a member of the Sheekhaal clan. However, when asked in what part of Somalia the Sheekhaal clan lives, the respondent stated, "I didn't know much of a clan and where they live." The Immigration Judge noted that this raises the question as to whether the respondent is a member of that clan or even if he practices Sufi Islam. Moreover, a review of the record indicates that the respondent's passport from Somalia shows he was born in Afmadow, instead of Bilis Qooqaani, which is where he claims he is from. The Immigration Judge noted that the respondent was unable to explain the inconsistency. The Immigration Judge also considered the respondent's counsel's argument that the respondent is able to verify his identity by virtue of his ability to speak the Somali language. However, the Immigration Judge properly noted that the Somali language is also spoken in Djibouti, Ethiopia and Kenya.

We discern no clear error in the Immigration Judge's determination that the respondent did not credibly establish his identity. The Immigration Judge based this determination on specific and cogent reasons, consisting of discrepancies with the respondent's testimony and the evidence in the record which were not reasonably explained. We agree that, based on the respondent's failure to establish his identity, he has failed to meet his burden of proof with respect to his claim for asylum and withholding of removal. *See Matter of M-D-*, 21 I&N Dec. 1180 (BIA 1998) (holding alien failed meet burden of proof to establish asylum claim where he did not provide any evidence to corroborate his purported identity, nationality, or claim of persecution). Given the inconsistencies in the record, we agree with the Immigration Judge that the respondent has not met his burden to establish his identity and nationality. As such, the respondent cannot meet his burden to demonstrate eligibility for relief and protection based on his claimed fear of persecution and torture in Somalia.

Furthermore, the Immigration Judge noted inconsistencies between the respondent's testimony and the evidence in the record regarding his claim. The respondent claims that he fears the Al-Shabaab terrorist group. The respondent testified that Al-Shabaab targeted him and his friends in January 2017 because they were practitioners of Sufi Islam. When asked how these men knew they were practitioners of Sufi Islam, he responded it was because they were wearing green. However, as noted on cross-examination, the respondent did not mention in his written statement that he or any others were wearing green. Furthermore, the Immigration Judge noted discrepancies as to where the respondent's family fled after the respondent was attacked in 2017.

We have considered the respondent's arguments regarding the Immigration Judge's adverse credibility finding and are not persuaded by his challenges. The Immigration Judge is not required to accept the respondent's explanations, even if plausible, where there are other permissible views of the evidence based on the record. *See Matter of D-R-*, 25 I&N Dec. 445, 455 (BIA 2011), *remanded on other grounds, Radojkovic v. Holder*, 599 F. App'x 646 (9th Cir. 2015). Considering the totality of the circumstances and all relevant factors, there is no clear error in the Immigration Judge's finding that the respondent was not credible. *See generally Malkandi v. Mukasey*, 544 F.3d 1029, 1039–42 (9th Cir. 2008); *Matter of J-Y-C-*, 24 I&N Dec. at 263–65.

Since the respondent's testimony was not credible and no other evidence independently establishes his burden, it follows he has failed to satisfy his burden of proving eligibility for asylum and withholding of removal. *See Matter of M-S-*, 21 I&N Dec. 125, 129 (BIA 1995) ("A persecution claim which lacks veracity cannot satisfy the burdens of proof and persuasion necessary to establish eligibility for asylum and withholding relief."); *Farah v. Ashcroft*, 348 F.3d at 1156.

We also agree with the Immigration Judge's denial of the respondent's application for protection under the CAT. 8 C.F.R. § 1208.16(c)(2). An adverse credibility finding is not alone an adequate basis to deny a claim for protection under the CAT. *Kamalthas v. INS*, 251 F.3d 1279, 1282–84 (9th Cir. 2001). However, where the only evidence supporting a claim of torture is the respondent's discredited testimony and general reports indicating that torture occurs in the respondent's native country, the country reports alone are generally insufficient to show that the respondent is more likely than not to be tortured. *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006); *see also Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (rejecting CAT claim based on the the same statements found to be not credible in the asylum context). The respondent has not provided sufficient evidence in light of the adverse credibility finding to establish that it is more likely than not that he would be tortured at the instigation of, or with the consent or acquiescence of, a public official or person acting in an official capacity, or that such persons would be "willfully blind" to any torture committed against him by private individuals. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see also Aguilar-Ramos v. Holder*, 594 F.3d 701, 705–06 (9th Cir. 2010); *Arteaga v. Mukasey*, 511 F.3d 940, 948–49 (9th Cir. 2007); *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006). Therefore, we uphold the denial of protection under the CAT.

**ORDER:** The appeal is dismissed.

**NOTICE:**  If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by Department of Homeland Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation.  *See* section 274D of the INA, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026).  Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both.  *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).